UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARFIELD WELCH,

           Plaintiff,

           DECISION AND ORDER
v.           15-CV-512

PDL RECOVERY GROUP, LLC,

           Defendant.

## INTRODUCTION

On June 10, 2015, the plaintiff, Garfield Welch, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Docket Item 1. The defendants failed to appear and defend this action, and the time to do so expired. As a result, the plaintiff asked the Clerk of Court to enter a default, which accordingly was entered on November 3, 2015. Docket Item 7. On May 23, 2017, the plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Docket Item 11. The plaintiff seeks $4,778.00 in damages, which includes $1,000 in statutory damages and $3,778.00 in attorneys' fees. After considering the plaintiff's memorandum of law and supporting documents, this Court grants the plaintiff's motion in part.

## BACKGROUND

The plaintiff in this case, Garfield Welch, incurred consumer debt that the defendants, PDL Recovery Group, LLC, and Doe 1-5, sought to collect.[1] Docket Item 1

---

[1] Upon entry of default, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in

(complaint) ¶ 7. Toward that end, the defendants began leaving voicemail messages for Welch on May 20, 2014. *Id.* ¶ 8. The first message stated the following:

> This is a required notice in accordance State and Federal regulations. Understand that this call is not a sale solicitation. My name is Ms. Watson and the number to my department is 1[-]800-290-1065. When calling please reference claim number 151078. Again, this is Ms. Watson and I can be reached at 1-800-290-1065 in reference to claim number 151078. Thank you and have a nice day.

*Id.* ¶ 9. The defendants left the same message three more times—on June 10, June 16, and July 30. *Id.* ¶¶ 10-12. "Increasingly harassed and concerned with [the defendants'] messages in which [they] failed to disclose the nature or purpose of the call," Welch retained counsel and pursued this action. *Id.* ¶ 13.

## DISCUSSION

### A. Default Judgment

To obtain a default judgment, a party must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). In considering whether to enter a default judgment, the court accepts the factual allegations in the complaint and determines whether the alleged facts state a valid claim for relief; the court also has the discretion to require further proof of necessary facts. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (discussing Fed. R. Civ. P. 55(b)(2)). As to damages, the court should take steps, including by hearing or referral when necessary, to establish an amount with reasonable certainty. *Transatlantic Marine Claims Agency,*

---

the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974)).

*Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (discussing Fed. R. Civ. P. 55(b)(2)).

### B. FDCPA Claims

#### 1. Liability

The plaintiff asserts that the defendants violated the FDCPA by failing to disclose their identity as a debt collector in their messages and by falsely stating that those communications constituted a "required notice in accordance with State and Federal Regulations." Complaint ¶¶ 15-17; *see* 15 U.S.C. § 1692d(6) (prohibiting "the placement of telephone calls without meaningful disclosure of the caller's identity"); 15 U.S.C. § 1692e (prohibiting "false, deceptive, or misleading representation[s]").

The plaintiff has adequately alleged that the defendants violated the FDCPA. Taking the undisputed facts in the plaintiff's complaint as true, the defendants' liability under the FDCPA therefore is established.

#### 2. Statutory Damages

Under the FDCPA, a court may award each plaintiff up to $1,000 in statutory damages. 15 U.S.C. § 1629k(b)(1). Proof that the statute was violated warrants damages, "although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." *Savino v. Comput. Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

In calculating an appropriate award of statutory damages, the district court considers relevant factors such as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector. 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are rare and "are typically granted [only] in cases where a

3

defendant's violations are 'particularly egregious or intimidating.'" *Carbin v. N. Resolution Grp., LLC*, 2013 WL 4779231, *2 (W.D.N.Y. Sept. 5, 2013) (quoting *Cordero v. Collection Co.*, 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)).

Here, Welch seeks $1,000 in statutory damages. Docket Item 11 at 8. His complaint alleges that he received four voicemails over a period of approximately two months. In support of his request for the statutory maximum, his sole argument is that "[a]djusting for inflation, $1,000 in 1977 would be $4,237.04 in 2018" and "[a]s such, today's victims of FDCPA violations recover comparatively little in relation to the original intent of the Act." *Id.* He does not argue that his case presents facts that are "particularly egregious or intimidating," nor does he cite any case law in support of his assertion that he is entitled to the statutory maximum merely by virtue of inflation.

The Court finds that a damages award of $1,000 is not warranted by the facts of this case. *See, e.g., Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716S, 2011 WL 334311, at *3 (W.D.N.Y. Jan. 28, 2011) (deeming $1,000 "excessive" where the defendant made numerous calls to the plaintiff's home and workplace and made empty threats of litigation). In light of the circumstances—four non-threatening voicemails—the Court deems $250 to be an appropriate amount of damages. *See, e.g., Twarozek v. Midpoint Resolution Group, LLC,* 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations); *Estay v. Moren & Woods, LLC,* No. 09–CV–620A, 2009 WL 5171881 at *2 (W.D.N.Y. Dec. 22, 2009) (awarding the plaintiff $250 where the defendant made harassing calls on more than one occasion, made empty threats of litigation, and

4

improperly disclosed information about the plaintiff's debt to a third party); *cf. Hance v. Premier Recovery Group, Inc.,* 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 where the defendant called the plaintiff's home more than twenty times per month).

### 3. Attorneys' Fees

Under the FDCPA, the court has discretion to award reasonable attorneys' fees to successful litigants. *See* 15 U.S.C. § 1692k(a)(3). A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009). Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation").

In support of his motion for default judgment, the plaintiff submitted time records indicating that 11.4 hours were expended by an attorney and 7.16 hours were expended by a paralegal in litigating this case. Docket Item 11-5. The requested hourly rate for Robert Amador, Esq., is $300 (totaling $3,420), and the requested hourly rate for the paralegal is $50 (totaling $358). Attorney Amador has "represented hundreds of consumers in [FDCPA] cases . . . in over 35 different U.S. District Couts across the

5

country." Docket Item 11-4 ¶ 4.  The declaration supporting the plaintiff's motion for attorneys' fees does not indicate the level of experience of the paralegal who worked on the case.

Given recent case law in this district, the Court finds Amador's requested hourly rate of $300, as well as the $50 hourly rate for the paralegal, to be reasonable.  *See Eades v. Kennedy, PC. Law Offices*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (awarding hourly rate of $300 for experienced FDCPA attorneys); *Langhorne v. Takhar Grp. Collection Servs., Ltd.*, No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (awarding hourly rate of $300 for Attorney Amador and $50 for paralegal).  The Court also finds the 18.56 hours of work to be reasonable.  Using the $300 hourly rate for Amador and the $50 hourly rate for the paralegal, this Court awards attorneys' fees to the plaintiff in the amount of $3,778.00.

## CONCLUSION

Accordingly, the plaintiff's motion for default judgment is granted in part in the amount of $4,028:  $250 in statutory damages, $3,778 in attorneys' fees.


SO ORDERED.

Dated:     October 3, 2019
           Buffalo, New York


    *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE